UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

REED CONSTRUCTION DATA INC.,          :

               Plaintiff,    :    09 Civ. 8578 (JPO)(HBP)

  -against-                          :    OPINION
                               AND ORDER

THE MCGRAW-HILL COMPANIES, INC.,     :
et al.,
                           :

             Defendants.    :
----------------------------------X

       PITMAN, United States Magistrate Judge:

       I write to resolve a dispute addressed in correspon-
dence from defendant's counsel dated June 17 and 28, 2013 and in
correspondence from plaintiff's counsel June 24, 2013.  The
reader's familiarity with the prior decision of Judge Sweet in
this matter dated September 13, 2010 and my prior decision dated
April 15, 2013 is assumed.

       In my April 10, 2015 Order, I precluded plaintiff from
seeking damages with respect to the 26 customers and prospects
that plaintiff first identified in February and March 2013 ("the
Newly Identified Customers").  The present dispute stems from
plaintiff's recent production to defendant of declarations from
current or former employees of three of the Newly Identified
Customers -- K Ross Company, Ulma Form Works and Siemens.  In

general, the three declarations describe sales pitches and
subscription offers and counter-offers that defendant made to K
Ross Company, Ulma Form Works and Siemens in order to induce them
to choose defendant's service over plaintiff's service.  Plain-
tiff does not affirmatively state what it intends to use the
declarations for; indeed, plaintiff has not yet offered the
declarations as proof of anything.  Rather, it appears that
plaintiff has produced the declarations to defendant in an effort
to preserve its putative right to use the declarations for any
purpose other than as proof of damages (see Letter of William N.
Withrow, Jr., Esq. dated June 3, 2013, annexed as Exhibit D to
the Letter of Saul B. Shapiro, Esq., dated June 17, 2013).
Defendant claims that my April 15, 2013 Order precludes plaintiff
from using testimony or evidence from any of the Newly Identified
Customers for any purpose, and seeks an Order to that effect.

I conclude that the dispute is not yet ripe for resolu-
tion.  As noted in my earlier decision precluding plaintiffs from
seeking damages with respect to any of the Newly Identified
Customers, a four-factor analysis is used to determine whether a
party's failure to comply with its disclosure obligations war-
rants preclusion.  Those factors are:  "(1) the party's explana-
tion for the failure to comply with the disclosure requirement,
(2) the importance of the excluded evidence, (3) the prejudice

2

suffered by the opposing party as a result of having to prepare
to meet the new testimony, and (4) the possibility of a continu-
ance." Kam Hing Enterprises, Inc. v. Wal-Mart Stores, Inc., 359
F. App'x 235, 237 (2d Cir. 2010), citing Design Strategy Inc. v.
Davis, 469 F.3d 284, 296 (2d Cir. 2006); accord Zerega Ave.
Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d 206, 213
(2d Cir. 2009).  Without knowing the specific purpose for which
evidence is being offered, it is impossible to assess the second
and third factors.  In addition, if evidence from K Ross Company,
Ulma Form Works and Siemens is never offered, there is no need to
decide anything.

        Accordingly, defendant's application for an Order
precluding plaintiff from using evidence from K Ross Company,
Ulma Form Works and Siemens for any purpose is denied without
prejudice to renewal.  This Order does not, of course, modify my
April 15, 2013 Order in this matter (Docket Item 141).

Dated:  New York, New York
        July 15, 2013

                              SO ORDERED


                              HENRY PITMAN
                              United States Magistrate Judge


                              3

Copies transmitted to:

William N. Winthrow, Esq.
Kevin G. Meeks, Esq.
Troutman Sanders LLP
Suite 2500
600 Peachtree Street
Atlanta, Georgia  30308-2216

Saul B. Shapiro, Esq.
Joshua A. Goldberg, Esq.
James L. Kerwin, Esq.
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York  10036